## STEPHEN D. MARSHALL AND GEORGE M. MILLER, EXECUTORS, ETC., OF LEVIN R. MARSHALL, DECEASED, RESPONDENTS, *v.* THOMAS A. DAVIES, APPELLANT, IMPLEADED WITH OTHERS.

*Liability of the obligor for deficiency on a foreclosure — when he is not bound to pay taxes and assessments.*

Defendant executed to plaintiffs a bond and mortgage upon premises owned by him, in the usual form, containing however no covenant for the payment of taxes and assessments. Subsequently he conveyed the premises, the grantee assuming and agreeing to pay the mortgage. Thereafter the grantee paid the interest accruing on the mortgage and continued so to do after its maturity. The premises, after the maturity of the mortgage, became incumbered by taxes and assessments.

In an action to foreclose the mortgage and hold defendant liable on his bond for any deficiencies, *held,* that he was not bound to pay taxes and assessments upon the premises after his conveyance, and that it was error in determining the deficiency with which defendant was to be charged to deduct their amount from the proceeds arising upon the sale.

APPEAL from a judgment of foreclosure entered herein, and from an order denying a motion to correct the same.

*Edmund Coffin, Jr.,* for the appellant.

*Wheeler H. Peckham,* for the respondents.

INGALLS, J. :

The appellant, Thomas A. Davies, executed his bond and mortgage to the plaintiffs on the 1st day of February, 1871, to secure the payment of $16,000 on the 1st day of February, 1874. On the 3d day of October, 1871, Davies conveyed the mortgaged premises to Charles P. Leslie, who assumed the payment of such mortgage. In the month of October, 1872, Leslie conveyed the same premises to Peter P. Cornen, who assumed the payment of said mortgage. The interest was paid to January 6, 1876, since which period no interest has been paid upon said bond and mortgage. The court has found the following facts : That the fact of the conveyances of the mortgaged premises, as found, was

known to the plaintiffs and to their agents, Messrs. Miller and Peckham, at or before the time of the maturity of the bond and mortgage herein sought to be foreclosed ; that the mortgaged premises, during the years 1874 and 1875, were worth more than $25,000; that the defendant, Peter P. Cornen, was in active business in the city of New York during the years 1874 and 1875, and in solvent circumstances, and that he paid to Miller and Peckham, as agents for the plaintiff, for the management of the investments of the estate of Levin R. Marshall, deceased, the interest on the bond and mortgage herein sought to be foreclosed, semi-annually, during the years 1874, 1875 and 1876, up to and including the interest which became due 1st June, 1876 ; that Messrs. Miller and Peckham were the agents of the plaintiff for the management of the investments of the estate of Levin R. Marshall, deceased ; that no demand for principal or interest on the mortgage debt was made of the defendant Davies after October, 1871, until about the 6th January, 1877 ; that Davies had no knowledge that this mortgage had not been satisfied at maturity until that date ; that he never, in any way, consented to any extension of time of payment of the mortgage or indulgence in time of such payment ; that no demand for payment of the principal of this bond and mortgage was made of any one, until about the time of the commencement of this action, in January, 1877 ; that since the maturity of this mortgage there have been imposed upon the mortgaged premises taxes and assessments, which by law are liens superior to the mortgage, as follows : Taxes for 1875, $411.60 ; taxes for 1876, $392; taxes for 1877 — ; assessments confirmed 26th of March, 1874, $174.50; assessments confirmed 4th of March, 1876, $205.34; assessments confirmed 29th of December, 1876, $893.68; all of which are unpaid, and that no other unpaid taxes or assessments were outstanding upon the premises on the 1st February, 1877.

The court also found as a fact that the defendant Davies did not request the plaintiff Miller to collect the money upon the bond and mortgage when it became due, nor did he request that the mortgage should be foreclosed. The court decided that Davies was liable for the deficiency arising upon the sale of the premises upon such foreclosure ; and that in determining the amount of

such deficiency, there must be deducted from the sum due for principal and interest upon such bond and mortgage, with the costs of the action, and the said *taxes and assessments*, the amount for which the premises sold, and the balance would constitute the deficiency which Davies would be required to pay. The taxes and assessments imposed during the years 1875, 1876 and 1877, amounted to $2,741.04 ; and the deficiency ascertained upon the above basis amounted to the sum of $5,795.75, and judgment was by the order of the court docketed against said Davies for that amount.

Upon the trial the defendant Davies testified that in the year 1871, and after he had conveyed the premises to Leslie, he called at the office of Miller the plaintiff and "asked him to collect the interest of Mr. Leslie, and also the principal sum when it became due ; and if he did not pay it to foreclose the mortgage at once ; Mr. Miller assented to that proposition." Mr. Miller was examined as a witness and denies that any such request was made to him by Mr. Davies ; and as we have seen, the court found in plaintiff's favor upon that question. Two questions are presented : First. Whether the plaintiffs are not deprived of any remedy against the defendant Davies for the deficiency, on the ground that they delayed, for an unreasonable length of time, all attempt to collect the money secured by the bond and mortgage, after the same became due and payable ; and after they were requested by Davies to collect the same, if any such request was in fact made. Second. In case Davies should be held liable for such deficiency, whether it can legally be increased by deducting the said sum of $2,741.04, the amount of the taxes and assessments from the money received upon the sale under the foreclosure. In regard to the question last stated, we are convinced that under the facts found by the court, the taxes and assessments should not have been deducted, in determining the amount for which Davies could in any event be held liable. All of such taxes and assessments were imposed after he had parted with the mortgaged premises, and consequently they were not assessed to him or imposed upon any property which he then owned. Neither the bond or mortgage contains any express agreement to pay the taxes and assessments which should be imposed upon the premises during the continuance of such bond

and mortgage, and we perceive no ground, legal or equitable, from which any such obligation can be implied. It is also the fact that such taxes and assessments were imposed after the money secured by the bond and mortgage had become due and payable. If Davies had continued to own the premises he would have been chargeable with the taxes and assessments, and in such case he would probably be estopped from refusing to have the amount thereof deducted from the money realized upon the foreclosure of the mortgage. To hold him liable for such taxes and assessments, or which is the same in effect, to direct the same to be deducted from the money realized upon the sale, in order to ascertain the amount of the deficiency chargeable to Davies, would practically make him surety for the payment of all the taxes and assessments imposed upon such premises after his interest therein ceased ; and when the plaintiffs were aware that another person had become the owner of such premises, and that the money secured by the bond and mortgage had become due and payable; such a result would be inequitable, and, we think, illegal. If the owner of a bond and mortgage is informed that the premises have been conveyed, he should see to it that his security is not impaired by an accumulation of taxes and assessments, which the owner of the premises has neglected to pay, as the mortgagor can only be compelled, in such case, to pay according to the terms of the obligation which he has executed, and when we refer to the bond and mortgage in question, we fail to discover any undertaking on the part of Davies to pay beyond the principal and interest, and in case of collection by legal proceeding, the cost thereof. If the views which we have expressed are sound, it follows that the defendant Davies has been adjudged to pay a sum in excess of his actual obligation, and the judgment and order are erroneous to that extent at least.

Upon the other question there is a direct conflict in the evidence, which is doubtless attributable to a failure of recollection on the part of either Davies or Miller, as neither would testify to a state of facts which he knew to be false. After the examination of Miller, Davies was recalled and the following question was asked : " Did you have any conversation with Miller during the years 1870 or 1871, at his office ?" This was objected to on the

FIRST DEPARTMENT, JANUARY TERM, 1879.

ground that the witness had given his testimony, and the objection was sustained and the evidence excluded. We conclude that the learned judge should have allowed the witness to answer the question. First. It does not necessarily follow that the inquiry pointed to a conversation about which Davies had testified, nor that it was necessary to his defense in the first instance. The conversation called for by the inquiry may have developed a state of facts which would have settled the conflict satisfactorily to all concered. In such a case great latitude should be allowed in the examination of witnesses whose evidence is conflicting ; especially so when the issue involved is to be determined upon the evidence of the two witnesses. It might be suggested that the allowance or exclusion of the question should be regarded as discretionary on the part of the court. Such proposition is sound only in a qualified sense in any case. It is true the appellate tribunal is disinclined to interfere with such exercise of discretion, and very properly so, as ordinarily the trial court possesses superior advantages in determining the weight which should be given to the testimony of witnesses. We are of the opinion that in any view which can be taken of this question, in the light of the peculiar circumstances of this case, the examination should have been allowed. We are convinced that another opportunity should be allowed the parties to develop more fully the facts of this case, with a view to adjust the rights of the parties upon a proper basis.

There should be a new trial so far as the defendant Davies is concerned, and the judgment and order should be to that extent reversed, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.